THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GOTTHEIL REICHERT AND JAMES GAMBINO, PLAINTIFFS IN ERROR.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiffs in error, *Leon E. Cone* and *William A. Hagerty*.

For the defendant in error, *Albert H. Holland*.

PER CURIAM.

This is an appeal by the defendants from a conviction on an indictment charging the possession of intoxicating liquors and its unlawful manufacture. The case is here both on bills of exception and on a certificate under the one hundred and thirty-sixth section of the Criminal Procedure act.

In the assignments of error and in the specifications of causes for reversal the defendants urge that the judgment should be reversed on three grounds.

1. That the learned trial judge improperly denied the defendants' motion for the direction of a verdict of not guilty, which motion was made both at the close of the state's case and again at the conclusion of the entire case.

2. That the verdict is against the weight of the evidence.

3. That the court should have withdrawn a juror on motion of defendants' counsel because of certain questions propounded to the appellant Gambino.

An examination of the record convinces us that none of these grounds of appeal or causes for reversal are sufficient to justify disturbance of the verdicts and judgments rendered thereon.

The appellant Reichert is the owner of a small farm situate in a remote section of Morris county, distant about fifteen hundred feet from any public road and on which was located a residence and barn adjoining. A portion of the farm was operated as a truck farm and in its operation Gambino was a partner. On October 25th, 1927, a raid was made on the premises by county officials and members of the state police. In the barn was found a still of one hundred and fifty gallons capacity in active operation. In the house behind a trunk in a bedroom two jugs of intoxicating liquor were found. From the still fumes were emanating which could be readily detected by their odor a distance of one hundred feet. Gambino was found in bed in the house at the time. Reichert was absent. When the raid was made another man, seeing the detectives, started to run but was caught. At the direction of the officers, Gambino and two others, also found on the place, disconnected and dismantled the still. The explanation

given by Gambino of his presence on the place was that he was engaged in the joint business of trucking on the farm with the owner and had been since September 15th, and that from that time until the raid was made had been engaged in preparing the ground for the crops.

These facts we think combined to make a *prima facie* case justifying its submission to the jury at the conclusion of the state's proofs. These proofs were measurably increased by the improbable story told by Gambino and Reichert as to the cultivation of soil for trucking purposes from the middle of September until the latter part of October, and the like improbable story of Reichert that he had leased the barn on October 1st to a man named Presca, a man he had never seen before or since. It is incredible that on a small place so situated those in charge of its operation should have known nothing of the existence of a still in the barn, a building ordinarily used in conjunction with farming purposes, and that still emitting odors detectable at the distance named.

The conclusion we reach is that the trial judge was right in refusing to take control of the case from the jury and we think that the jury did no violence to the evidence in finding the defendants guilty.

The questions objected to were directed to the defendant Gambino on cross-examination, and were to ascertain his whereabouts in view of his previous statements that he had worked constantly at the farm from September 15th. In view of these statements, the questions were not objectionable.

The judgment is affirmed.